## THE G. R. CROWE.

(District Court, S. D. New York. December 6, 1922.)

1. **Shipping ⊜⇒39—Vessel chartered for full cargo is not common carrier, but bailee for transportation.**

A vessel chartered to carry a cargo of oil is not a common carrier, but a bailee for transportation.

2. **Shipping ⊜⇒42, 121—Carrier by sea under implied warranty to furnish seaworthy vessel.**

All shipowners carrying goods by sea, whether common carriers or bailees for transportation, are under an absolute warranty, implied by law, to furnish a vessel seaworthy at the beginning of the voyage.

3. **Shipping ⊜⇒42—Charter party held to exempt private carrier from liability for leakage.**

In a charter of a tank steamer as bailee for transportation of a cargo of oil, containing a general warranty of seaworthiness during the voyage, perils of the sea excepted, a further clause, that "the steamer is not to be accountable for leakage," *held* to modify the general warranty and to relieve the vessel from liability for leakage, whether or not caused by negligence.

In Admiralty. Suit by the Anglo-American Oil Company, Limited, against the British tank steamer G. R. Crowe. Decree for respondent.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Wm. H. McGrann and P. Randolph Harris, both of New York City, of counsel), for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City (Roscoe H. Hupper and Wm. J. Dean, both of New York City, of counsel), opposed.

WARD, Circuit Judge. [1] The libelant chartered the tank steamer G. R. Crowe to carry a cargo of oil from Philadelphia to London. As it got thereby the full carrying capacity of the steamer, the shipowner was not a common carrier, but a bailee for transportation. The Fri (Circuit Court of Appeals for the Second Circuit) 154 Fed. 333, 83 C. C. A. 205.

[2] All shipowners carrying goods by sea, whether common carriers or only bailees for transportation, are under an absolute warranty, implied by law, to furnish a vessel seaworthy at the beginning of the voyage. The Caledonia, 157 U. S. 124, 15 Sup. Ct. 537, 39 L. Ed. 644.

[3] A private carrier can, of course, relieve himself of this implied warranty by contract, while a common carrier cannot do so, in this country, except in conformity with the Harter Act (Comp. St. §§ 8029–8035). But in this case the shipowner gave an express warranty of fitness as follows:

"1. That the said steamship, being tight, staunch, and strong, and every way fitted for the voyage, and to be maintained in such condition during the voyage, perils of the sea excepted, shall, with all convenient dispatch sail and proceed to Philadelphia or New York at charterer's option, or so near unto as she may safely get (always afloat), and there load from the factors of the said charterers a full and complete cargo of fuel gas or lubricating oil in bulk. * * *"

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The effect of this provision is to extend the warranty of seaworthiness at the beginning of the voyage, implied by law, to seaworthiness throughout the voyage, perils of the seas excepted. Now, seaworthiness covers a long catalogue of possible defects, which are not perils of the seas, and I think a private carrier may by contract except from the general warranty, whether implied by law or expressed in the contract, specified defects, if he makes his meaning clear.

In this case the charter contained an exception separately stated in article 16—i. e., stated after and apart from article 9—containing the general exceptions, as follows: " * * * The steamer is not to be accountable for leakage." This exception covers the shipowner's negligence, because that is the only case in which a private carrier, as bailee for transportation, and not as insurer, is liable at all. The Oceanica, 170 Fed. 893, 96 C. C. A. 69, certiorari denied, 215 U. S. 599, 30 Sup. Ct. 400, 54 L. Ed. 343; Monk v. Cornell Steamboat Co., 198 Fed. 472, 117 C. C. A. 232. Unless this clause does modify the general warranty, it is meaningless. It is admitted that there has been some short delivery of cargo, and both parties attribute this to leakage, against which particular cause of loss the shipowner is protected by the exception.

The libelant relies upon Church Cooperage Co. v. Pinkney, 170 Fed. 266, 95 C. C. A. 462, as showing that article 16 cannot modify the owner's express warranty. All that case held, following the language of Mr. Justice White in The Carib Prince, 170 U. S. 659, 18 Sup. Ct. 753, 42 L. Ed. 1181, "clauses exempting the owner from the general obligation of furnishing a seaworthy vessel must be confined within strict limits," was that the clause in the subcharter, "vessel agrees to have holds as clean as possible," did not limit the absolute warranty of fitness, but was an additional precaution. Moreover, the court pointed out that the clause in the original charter from the owners was of a very different character (170 Fed. at page 267, 95 C. C. A. at page 463).

"Captain to clean holds before loading as much as possible, but charterers must risk consequences of ship having carried creosote."

Article 16 in this case cannot possibly be considered as an additional precaution, or as in any way consistent with the general warranty of fitness. It either modifies the warranty or is to be struck out as meaningless.

The libel is dismissed, with costs.